UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TABITHA HOWARD,

        Plaintiff,                Case No. 3:14-cv-335

vs.

COMMISSIONER OF              District Judge Thomas M. Rose
SOCAL SECURITY,                Magistrate Judge Michael J. Newman

        Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and thus unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 6),[2] and the record as a whole.

I.

A. Procedural History

Plaintiff filed for SSI on February 14, 2011. PageID 40. She suffers from a number of impairments including, *inter alia*, depression and anxiety. PageID 42.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denial of her application, Plaintiff received a hearing before ALJ Amelia Lombardo on December 18, 2012. PageID 59-89. On March 6, 2013, the ALJ issued a written decision finding Plaintiff not disabled. PageID 40-51. Specifically, the ALJ found that:

1. The claimant has not engaged in substantial gainful activity since February 14, 2011, the application date (20 CFR 416.971 *et seq.*);

2. The claimant has the following severe impairments: depression and anxiety (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to performing low stress work; that is, no assembly line, production quotas, or fast-paced work. The claimant is unable to have contact with the general public, but she is able to maintain occasional contact with coworkers and supervisors.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1987 and was 23 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate to English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since February 14, 2011, the date the application was filed (20 CFR 416.920(g)).

PageID 40-50.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 28-30. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In her decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 40-50. Plaintiff, in her Statement of Errors, also summarizes the evidence. Doc. 8 at PageID 754-56. The Commissioner's response to Plaintiff's Statement of Errors refers the Court to the ALJ's recitation of relevant evidence and offers no objections to Plaintiff's summary of relevant facts. Doc. 11 at PageID 775. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of evidence as well as Plaintiff's undisputed summary of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if

substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 1382c(a)(3)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are "medically determinable"; expected to result in death or which have lasted or can be expected to last for a continuous period of not less than twelve months; and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful work" that is available in the regional or national economies. *Id.* §§ 1382c(a)(3)(A), (B).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

    3.       Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

    4.       Considering the claimant's RFC, can he or she perform his or her past relevant work?

    5.       Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, the Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because she failed to properly: (1) weigh opinion evidence, including all of the opinions offered by her treating psychiatrist Yiu-Chung Chan, M.D.; and (2) evaluate Plaintiff's credibility concerning her subjective complaints. Doc. 8 at PageID 751-67. The undersigned finds merit to Plaintiff's first assignment of error and, therefore, does not address the ALJ's credibility finding.

    "[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for

weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakely*, 581 F.3d at 406 (citation omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2); *see also Blakely*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakely*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*.

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a

number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 416.927(c).  In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]"  *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

The Court acknowledges that an ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable."  Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance."  20 C.F.R. § 416.927; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician").  However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference."  *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

Plaintiff argues that the ALJ failed to properly weigh the opinions offered by her treating psychiatrist, Dr. Chan.  Doc. 8 at PageID 760-65.  The record contains three separate RFC assessments given by Dr. Chan, *see* PageID 497-99; 689-91; 727-28, all noting marked to extreme limitations[3] in a number of specific areas of Plaintiff's mental functioning.  PageID 689-91; 727-28.  The ALJ assessed Dr. Chan's opinions "no significant weight[.]"  PageID 48.  That assessment was in error.

---

[3] Whereas "moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App's 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C) *et seq.*

Initially, the undersigned notes that, although Dr. Chan is, without dispute, a treating psychiatrist, the ALJ failed to mention the concept of controlling weight and conducted no specific controlling weight analysis in weighing his opinions, *i.e.*, whether his opinions are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with other substantial evidence in the case record." *See* 20 C.F.R. § 416.927(c)(2). Thus, the Court cannot determine whether the ALJ undertook the "two-step inquiry" required when analyzing treating source opinions. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-78 (6th Cir. 2013). The lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart*, 710 F.3d at 377 (citations omitted). Such failure amounts to reversible error. *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *4 (S.D. Ohio Aug. 19, 2014).

Even assuming, *arguendo*, that the ALJ adequately conducted the controlling weight test -- which the undersigned concludes she did not -- the ALJ's reasons for wholly dismissing Dr. Chan's opinions are flawed. One significant critique given by the ALJ was the fact that Dr. Chan's questionnaires from February 2011 and June 2012 were "offered . . . via a check box form instead of . . . a narrative statement regarding the claimant's functioning." PageID 48. This reason overlooks the mental status questionnaire provided by Dr. Chan in May 2011,[4] *see*

---

[4] The ALJ did not identify Dr. Chan as the author of the May 2011 opinion because her signature was "illegible[.]" PageID 48. Although the signature on the May 2011 questionnaire is admittedly illegible, the record clearly demonstrates that the report was authored and signed by Dr. Chan. The undersigned first notes that the ALJ herself recognized that the questionnaire was completed by a psychiatrist who treated Plaintiff between July 2008 through April 2011 at "Clark County Mental Health Services," *i.e.*, Dr. Chan's practice. *See* PageID 48, 497-99, 691, 728, 748. Further, the signature on the May 2011 questionnaire, *see* PageID 499, is the same illegible signature appearing on Dr. Chan's other authored opinions, *see* PageID 691, 728. Finally, while Plaintiff specifically alleges error in the ALJ's failure to identify Dr. Chan as the authoring psychiatrist of the May 2011 questionnaire, the Commissioner offers no argument in opposition to such argument.

PageID 497-99, in which Dr. Chan legibly set forth Plaintiff's limitations, *i.e.*, that she can be easily confused; cannot multitask; would give up easily on difficult tasks; only interacts with family; avoids new situations; and would not complete simple, routine, repetitive tasks because of workplace pressures. PageID 498. The ALJ's assessment also overlooks a letter from Dr. Chan on December 5, 2012 stating that Plaintiff's "anxiety is [her] primary problem which often leads to panic attacks[,]" and "would prohibit her from having regular attendance and or safety on any job." PageID 748. Given these specific narrative statements by Dr. Chan regarding Plaintiff's functioning, the undersigned finds the ALJ has not come forward with a "good reason" for minimizing the weight accorded Dr. Chan's opinion.

While the ALJ also concluded that treatment records noting unremarkable mental status examinations after 2010 did not support Dr. Chan's opinion, the Court does note that the ALJ ignored the consistency between Dr. Chan's three opinions and the opinions offered by treating social worker W.F. Foitys and treating counselor Mark Schweikert. *See* PageID 500-01, 725-26.[5] In March 2011, Foitys, when asked to "[d]escribe and give examples of anything that might prevent work activities for a usual work day or work week," stated -- consistent with Dr. Chan's opinion -- that Plaintiff was "easily overwhelmed" and "gives up." PageID 500. In June 2012,

---

[5] While social workers and mental health counselors are not "acceptable medical sources" whose opinions can establish whether a claimant has a "medically determinable impairment [,]" they do qualify as "other sources," and their opinions may be used by an ALJ "to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work[.]" 20 C.F.R. §§ 416.913(a) and (d); *see also Covucci v. Apfel*, 31 F. App'x 909, 913 (6th Cir. 2002); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007). Other source opinions are entitled to consideration by an ALJ, and an ALJ's decision should reflect such consideration. *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *see also* SSR 06–03p, 2006 WL 2329939, at *6 (Aug. 9, 2006). In other words, an ALJ "should explain the weight given to [such] opinions . . . or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06–03p, 2006 WL 2329939, at *6; *see also Cruse*, 502 F.3d at 541.

Schweikert found Plaintiff markedly and extremely limited in a number of mental functioning areas -- again, a finding consistent with the opinion of Dr. Chan.  PageID 725-28.[6]

Based upon all of the foregoing, the undersigned finds the ALJ failed to properly conduct the treating physician analysis, and that the ALJ's non-disability finding is unsupported by substantial evidence in the case record.

### IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits.  Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990).  The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming.  *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Having carefully reviewed the record, the Court finds this is the rare case where proof of disability is overwhelming, and remand would result in the presentation of cumulative evidence and serve no other purpose other than delay.  In 2011 and 2012, Plaintiff's treating psychiatrist Dr. Chan offered three separate medical source statements finding Plaintiff markedly to

---

[6] The undersigned also notes that record reviewing psychologist Todd Finnerty, Psy.D. -- whose opinion the ALJ gave "significant weight" -- similarly found that Plaintiff "may have trouble concentrating on detailed tasks for extended periods of time"; "may tend to give up at times"; "may become overwhelmed in a constant changing work environment and may have difficulty traveling to unfamiliar places."  PageID 101-02.  The only difference between Dr. Finnerty and the opinions of Plaintiff's treaters is the degree of restriction in specific areas of mental functioning, *i.e.*, moderate vs. marked or extreme limitation.

extremely limited in her ability to perform work-related functions. PageID 497-99; 689-91; 727-28. Plaintiff's two treating counselors, Messrs. Foitys and Schweikert, consistently found Plaintiff extremely or markedly limited. *See* PageID 725-26. The only medical source statement to the contrary within the relevant time period (*i.e.*, after Plaintiff filed for SSI on February 14, 2011) is the opinion of record reviewing psychologist Dr. Finnerty. *See* PageID 101-02. Such opinion is insufficient to rebut the properly supported opinion of a treating source. *See Hayes v. Comm'r of Soc. Sec.*, No. 3:13-CV-247, 2014 WL 3867312, at *7 (S.D. Ohio Aug. 6, 2014); *Pickett v. Astrue*, No. 3:10-cv-177, 2011 WL 1626559, at *5 (S.D. Ohio Apr. 28, 2011) (citing *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983) (other citations omitted)).

Finding Dr. Chan's corroborated opinion entitled to controlling weight, and based upon the testimony of the VE -- that a hypothetical claimant suffering from the same mental limitations as Plaintiff could not perform work, *see* PageID 86 -- the Court finds proof of disability overwhelming. Accordingly, this case must be remanded for an immediate award of benefits.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This case be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and

3. This case be **CLOSED**.

Date: November 13, 2015            *s/ Michael J. Newman*
                                    Michael J. Newman
                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).